OPPENHEIMER et al. v. BILLINGS et al.

(Supreme Court, Appellate Division, First Department. June 2, 1911.)

Appeal from Special Term, New York County.

Action by August Oppenheimer and others against Henry B. Billings, individually, and Sarah Billings and others, as executors and trustees under the last will and testament of Chester Billings, deceased.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

From an interlocutory judgment overruling defendants' demurrer to an amended complaint, defendants appeal.   Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, MILLER, and DOWLING, JJ.

J. Culbert Palmer, for appellants.
Eugene G. Kremer, for respondents.

PER CURIAM.   Judgment affirmed, with costs, on the prevailing opinion in National Park Bank v. Billings, 129 N. Y. Supp. 846, decided May 19, 1911, with leave to defendants to withdraw demurrers and to answer, upon payment of costs in this court and in the court below.

INGRAHAM, P. J.   The decision of this case is controlled by the case of National Park Bank of New York v. Billings, decided by this court on the 19th day of May, 1911.   Personally I concur with Mr. Justice Scott in his dissenting opinion on that appeal.

The trust consisted entirely of personalty, and the title to the trust property vested in the trustees.   The only interest that the judgment debtor has in the property is, at the termination of the trust, to call the trustees to account and require them to pay to him one-half of the trust estate, and that right depends upon his surviving the life beneficiary.   This right to call a trustee to account seems to me a mere personal right, which the beneficiary could not assign; for the assignee would have no right to enforce the trust at law, and, except by way of estoppel, would have no right to enforce it in equity.   It is one, therefore, that the court could not, under a decree, sell to a purchaser.   The judgment debtor has not now any title in remainder, either vested or contingent, to the trust property.   In his hands it is not property, but merely right, contingent upon his surviving the life beneficiary, to call the trustees to account and compel them to obey the direction of the will and pay him a sum of money which would then become due.   It seems to me to be a contradiction in terms to speak of a contingent remainder in personal property, where the whole title to the property vests in the trustee, and the only right that a person has is to call the trustee to account upon the happening of a contingency which may or may not occur in the future.   The whole title vests in the trustee.   He can, as trustee, convey the property to a bona fide purchaser and give a good title, and the sole right of those interested in the estate would be to apply to a court of equity to enforce the trust.   This right, as I understand it, is not assignable, certainly not when contingent upon the happening of an event which is in the future.

As, however, I am bound by the former decision, I concur in the affirmance of this judgment.

McLAUGHLIN, J.   I dissent, for the reasons stated in the opinion of Mr. Justice Scott in National Park Bank v. Billings, decided May 19, 1911.